**NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, Defendant.**

**NATIONAL BROADCASTING COMPANY, INC., Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, Defendant.**

**Civ. A. Nos. 85–1413, 85–1467.**

United States District Court, District of Columbia.

July 10, 1985.

David C. Vladeck, Public Citizen Litigation Group, Washington, D.C., for plaintiff NAACP Legal Defense and Educational Fund.

Molly Paulker, National Broadcasting Corp. and Dennis A. Adelson of Schnader, Harrison, Segal & Lewis, Washington, D.C., for plaintiff National Broadcasting Corp.

Richard K. Willard, Acting Asst. Atty. Gen., Joseph E. diGenova, U.S. Atty., Barbara Gorden and Harriet Kerwin, U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

These consolidated actions come before the Court on cross motions for summary judgment. Plaintiffs NAACP Legal Defense and Educational Fund, Inc. ("NAACP") and the National Broadcasting Corporation, Inc. ("NBC") had individually filed suit against the U.S. Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Since both suits involved requests for the same information, the cases were consolidated by Order of this Court on May 15, 1985.

Plaintiffs are seeking copies of five letters from local government entities to DOJ, written in response to a letter from the agency requesting these local government entities to voluntarily modify the terms of existing consent decrees based on the DOJ interpretation of the Supreme Court's holding in *Fire Fighters Local Union v. Stotts,* — U.S. ——, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984). Plaintiffs are seeking the disclosure of these reply letters pursuant to FOIA. DOJ has refused to make available copies of the letters here at issue, claiming that they are exempt from disclosure under 5 U.S.C. § 552(b)(5). Further, should that exemption be found not to apply in this

case, DOJ has asked this Court to develop a new privilege which would prevent disclosure, based upon Federal Rule of Evidence ("FRE") 408.

■ The Court has carefully considered the motions before it, as well as memoranda in support thereof and in opposition thereto and the relevant statutory and case law. In light of this analysis, and there being no material facts in dispute, the Court finds that plaintiffs are entitled to summary judgment as a matter of law and grants their motions.

In June 1984, the U.S. Supreme Court came down with the *Stotts* decision, *supra.* This case concerned the modification by a district court of a consent decree involving the city of Memphis, Tennessee. The consent decree established preferences and goals for the hiring and promotion of blacks in the city's fire department. Subsequently, the city projected budget deficits which required the lay-off of some city employees. The city announced that the fire fighters would be laid off according to the "last hired, first fired" rule. The plaintiffs in *Stotts* obtained a temporary restraining order followed by an injunction against lay-offs that would reduce the proportion of blacks employed by the fire department.

The Fire Fighters Union and the city appealed the injunction. The 6th Circuit affirmed the injunction on other grounds, while at the same time holding that the district court was authorized to modify the consent decree. The Supreme Court granted certiorari and last June issued its decision, reversing the injunction on the grounds that the district court may not order the violation of a bona fide seniority system because § 703(h) of Title VII "permits the routine application of a seniority system absent proof of an intention to discriminate." 104 S.Ct. at 2587, citing *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 352, 97 S.Ct. 1843, 1863, 52 L.Ed.2d 396 (1977).

After this decision came down, DOJ sent letters to fifty local government jurisdictions subject to affirmative action provisions in judicial decrees. DOJ requested that these governmental entities voluntarily modify their consent decrees to eliminate racial hiring and promotion quotas in light of the DOJ interpretation of *Stotts.* DOJ received reply letters from some of these local governmental entities, which letters were the subject of plaintiffs' FOIA requests. After failing to receive copies of these letters, plaintiffs filed the instant actions to compel disclosure. By May 23, DOJ claims to have located 28 of these letters, 19 of which were released to the plaintiffs. On May 30, DOJ released an additional six reply letters to the plaintiffs. However, DOJ refused to make available copies of five other reply letters it had received, and which are now the subject of this litigation. DOJ claims that the five letters have been withheld under exemption (b)(5) as being part of settlement negotiations. 5 U.S.C. § 552(b)(5).

Exemption (b)(5) protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). DOJ argues that this exemption implicitly incorporates discovery privileges not explicitly identified by Congress, relying chiefly on *Weber v. United States,* 465 U.S. 792, 104 S.Ct. 1488, 79 L.Ed.2d 814 (1984).

However, upon a close reading of *Weber,* it becomes apparent that the facts of that case are easily distinguished from those of the instant case. In *Weber,* the government was investigating an Air Force accident. In conducting this investigation, the government had given Air Force employee witnesses the assurance that their statements would not be used for any purpose other than for accident prevention. The respondents in *Weber* sought disclosure of these statements given in confidence. However, the Supreme Court found that these statements were unquestionably intra-agency memoranda in that the witnesses themselves were members of the agency and, further, that these statements were protected from civil discovery under the

*Machin* Privilege. This privilege protects confidential statements made to air-crash safety investigators. *Machin v. Zuckert*, 316 F.2d 336 (D.C.Cir.1963), *cert. denied*, 375 U.S. 896, 84 S.Ct. 172, 11 L.Ed.2d 124 (1963). At the time of *Weber*, the Machin Privilege had been embodied as a principal of law for over twenty years.

DOJ argues that the statutory language of exemption (b)(5) should be broadly construed to encompass these five letters as intra-agency memoranda. However, even the broadest interpretation of the statute and case law will not support such a conclusion. *Wu v. National Endowment for the Humanities*, 460 F.2d 1030 (5th Cir. 1972), *cert. denied*, 410 U.S. 926, 93 S.Ct. 1352, 35 L.Ed.2d 586 (1973); *Ryan v. Department of Justice*, 617 F.2d 781 (D.C.Cir. 1980); *Badwhar v. U.S. Dept. of the Air Force*, slip op. No. 84–0154 (D.D.C. March 6, 1985). In each of these cases, the documents in question were created either by the agency itself or by consultation on behalf of the agency, and not by adversaries or potential adversaries of the agency. In contrast to the *Weber* case, the letters sought here by the plaintiffs are clearly not inter or intra-agency memoranda. Rather they are letters from adversaries in past litigation with DOJ to the agency. None of the entities which authored the letters in question could be viewed as being part of a federal agency or acting in consultation with the agency.

The *Weber* Court also clearly stated that recognition under exemption (b)(5) of a novel privilege, or one that has found less than universal acceptance, would not fall within the exemption unless explicitly discussed in the legislative history. However, the Court went on to say that the Machin Privilege, which has been well settled for some two decades, need not be viewed with the same degree of skepticism. In the instant case, the documents at issue are clearly not

intra-agency memoranda, and are not protected by some long-standing or universally recognized privilege. Therefore, the Court finds that *Weber* is inapplicable to this case.

▬▬▬ DOJ further argues that a settlement negotiation privilege exists under FRE 408. The Court does not agree. Indeed, the Court finds that the holding in *Center for Auto Safety v. Dept. of Justice*, 576 F.Supp. 739 (D.D.C.1983), while not controlling on this Court, is definitive on this issue. In *Center for Auto Safety*, DOJ refused to release certain documents requested by the plaintiffs pursuant to a FOIA request. These documents concerned DOJ's consent to the modification of certain restrictions in a 1969 consent decree by the automotive industry. DOJ argued in that case, as it does in the instant actions, that there existed an implicit exemption to FOIA disclosure under FRE 408 involving settlement negotiations. The Court in *Center for Auto Safety* stated that "DOJ's argument for this settlement negotiations privilege is misplaced. FRE 408 limits a document's relevance at trial, not its disclosure for other purposes."[1] Although the intent of FRE 408 is to foster settlement negotiations, the sole means used to effectuate that end is a limitation on the admission of evidence produced during settlement negotiations for the purpose of proving liability at trial. It was never intended to be a broad discovery privilege.

FOIA was intended to be a disclosure statute. The clear purpose of FOIA is to assure that the public has access to all government documents subject to only nine specific exemptions. They are those which Congress decided were consistent with efficient government operation. S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965). *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854 (D.C.Cir.1980). This Court's holding here today re-emphasizes the narrow scope of exemption (b)(5) and the

---

**1.** Weinstein's Evidence ¶ 408[1] at 408–14 (1981) ("It should be pointed out that the Rule should not be construed so as to render evidence otherwise discoverable inadmissible solely because it was presented during settlement negotiations. The policy of allowing open and free negotia-

tions between parties by excluding conduct or statements of these discussions is not intended to conflict with the liberal rules of discovery embodied in the Federal Rules of Civil Procedure.")

strong public policy that the public is entitled to know what the government is doing and why. In enacting FOIA, Congress recognized circumstances under which the government would need protection for certain information. Congress responded to this need by the specific exemptions in the FOIA statute.

Disclosure in this instance, which is clearly not within any exemption of the FOIA statute, or the subject of any bona fide privilege, may very well add to the knowledge in the public domain, and could thereby assist in eliminating the need for quotas and goals as a method for eliminating racial discrimination.

Therefore, it is by the Court, this 10th day of July, 1985,

ORDERED that the plaintiffs' motions for summary judgment be, and the same hereby are, granted, and that the defendant's motion for summary judgment be, and the same hereby is, denied, and it is

FURTHER ORDERED that these cases shall stand dismissed and the clerk shall remove them from the dockets of this Court.